UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY C. ALLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HER, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-1643 CKD P<br><br><br>ORDER |

　　　　Plaintiff is a Sacramento County Jail pretrial detainee proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

/////

1

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

Plaintiff complains about use of force. While plaintiff adequately alleges that force was used against him, he is not clear as to whether the force used was excessive in violation of the Fourteenth Amendment. In order to state a claim for excessive force under the Fourteenth Amendment plaintiff must point to facts showing a defendant's use of force was (1) deliberate; and (2) objectively unreasonable. Kingsley v. Hendrickson, 576 U.S. 389, 395-97 (2015). As to the second element, objective reasonableness turns on the facts of each case, such as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id. at 397.

In his complaint, plaintiff has not provided enough factual detail as to why force was used against him to determine whether the amount of force used was excessive.

Also, with respect to certain defendants, plaintiff's claims are vague and conclusory. If plaintiff chooses to amend the complaint, plaintiff must demonstrate with specific facts how a defendant's actions violated plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  August 30, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

alle1643.14