LONGYEAR, LAVRA & CAHILL, LLP
Nicole M. Cahill, CSB No.: 287165
Alexander Mahoney, CSB No.: 359995
555 University Avenue, Suite 280
Sacramento, CA 95825
Phone: 916-974-8500
Facsimile: 916-974-8510
Emails: cahill@longyearlaw.com
          mahoney@longyearlaw.com

Attorneys for Defendants,
Deputy Her, Deputy Foster, Sgt. Albee,
Lt. Hidalgo, Deputy Bellamy, Deputy Huffman

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA SACRAMENTO DIVISION

| | |
|---|---|
| ROY CLAYBORNE ALLEN<br><br>     Plaintiff,<br><br>v.<br><br>DEPUTY HER, DEPUTY FOSTER, SERGEANT ALBEE, LIEUTENANT HIDALGO, DEPUTY HUFFMAN, DEPUTY BELLANY<br><br>     Defendants. | Case No.: 2:24-CV-01643-WBS-CKD (PC)<br><br>**DEFENDANTS' MOTION AND ORDER TO MODIFY THE OPERATIVE SCHEDULING ORDER (ECF NO. 35)** |

## I.

## INTRODUCTION

Defendants hereby respectfully request a modification of the scheduling order in this case. Defendants' request is supported by a showing of good cause – namely that Plaintiff has frustrated Defendants' efforts to depose him by failing to provide notice of his change of address. Defendants respectfully submit that their requested modifications are necessary to complete discovery in this case and permit an adjudication on the merits.

///

///

## II.

## <u>BACKGROUND</u>

Plaintiff filed his initial complaint in this case on June 10, 2024. (ECF No. 1.) On September 3, 2024, the Court screened Plaintiff's initial complaint and found that it failed to state any cognizable claim for relief. (ECF No. 7 at p. 2.) Nevertheless, the Court granted Plaintiff leave to amend. (*Id*.) Plaintiff was initially required to file his amended complaint by October 3, 2024. (*Id*. at p. 3.) Plaintiff failed to meet both this deadline *as well as* the subsequent two deadlines afforded by the Court's several extensions. (*See* ECF Nos. 10, 13, and 15.) Finally, on January 8, 2025, Plaintiff filed his first amended complaint ("FAC"). (ECF No. 16.)

On February 25, 2025, the Court screened Plaintiff's FAC and noted that it failed to comply with Rule 11. (ECF No. 17.) The Court again granted Plaintiff leave to amend. (*Id*.) Plaintiff filed his second amended complaint ("SAC") on March 7, 2025. (ECF No. 18.) On March 20, 2025, the Court found that – for the purposes of screening – Plaintiff's SAC stated a cognizable claim under the Fourteenth Amendment for excessive use of force. (ECF No. 19 at p. 1.) The Court further ordered Plaintiff to supply it with the documents necessary for completing service on Defendants. (*Id*.) Despite receiving an extension, Plaintiff failed to do so. (ECF No. 24 at p. 1.) Consequently, on July 9, 2025, the Court recommended that this action be dismissed. (*Id*.) On July 10, 2025, Plaintiff submitted the documents necessary for service. (ECF No. 25.) On July 17, 2025, the Court vacated its prior order and directed service on Defendants. (ECF No. 26.) Defendants waived service between September 15, 2025, and September 25, 2025. (ECF Nos. 28 to 33.)

On October 21, 2025, Defendants answered Plaintiff's SAC. (ECF No. 34.) The Court issued the current scheduling order on October 24, 2025. (ECF No. 35.) Pursuant to the Court's scheduling order, discovery is set to close on February 20, 2026. (ECF No 35 at p. 5.)

Cognizant of the discovery cut-off, Defendants served Plaintiff with a notice of deposition by U.S. mail on January 15, 2026.[1] (Declaration of Alexander Mahoney ("Mahoney

---

[1] The process of arranging Plaintiff's deposition required Defendants' coordination with the Sacramento Main Jail, where Plaintiff had been housed.

Decl."), ¶ 2, **Ex. A**.) Plaintiff's deposition was set for February 4, 2025. (*Id*.) On January 29, 2026, Defendants' notice of deposition was returned with a note indicating that Plaintiff was no longer in custody at the Sacramento County Main Jail ("Main Jail"). (Mahoney Decl., ¶ 3, **Ex. B**.) Defendants have not received any communications from Plaintiff regarding his change of address. (Mahoney Decl., ¶ 4.) On February 9, 2026, Defendants received information from the Sacramento County Sheriff's Office regarding a potential new address for Plaintiff. (Mahoney Decl., ¶ 5.)  Defendants have not yet been able to confirm the accuracy of this new address. (*Id*.)

### III.

### **REQUEST TO MODIFY THE SCHEDULING ORDER**

Under Federal Rules of Civil Procedure 6(b)(1)(A) and Local Rule 144, Defendants hereby respectfully request a modification of this Court's scheduling order. A stipulation extending time cannot reasonably be obtained because Plaintiff has changed his address without notifying Defendants or the Court. (Mahoney Decl., ¶¶ 2 – 5.)

Pursuant to the Court's initial Scheduling Order (ECF No. 35), the current schedule is as follows:

- Non-Expert Discovery Cut-Off: February 20, 2026
- Motion to Compel Non-Expert Discovery: Filed by February 20, 2026
- Dispositive Motion Deadline: May 15, 2026

Defendants request an extension of the current schedule. The new deadlines would be arranged as follows:

- Non-Expert Discovery Cut-Off: April 3, 2026
- Motion to Compel Non-Expert Discovery: Filed by April 3, 2026
- Dispositive Motion Deadline: June 25, 2026

A scheduling order may only be modified upon a showing of good cause and by leave of Court. Fed. R. Civ. Proc. 6(b)(1)(A); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  In considering whether a party moving for a schedule modification has

good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson*, 975 F.2d at 609.

Here, as outlined above, Defendants served Plaintiff with a notice of deposition within the time prescribed by the Court's scheduling order. (ECF No. 35; Mahoney Decl., ¶¶ 2 – 3.) Nevertheless, Plaintiff's deposition was frustrated by his unannounced change of address.[2] (Mahoney Decl., ¶¶ 2 – 4.) Defendants have taken steps to locate Plaintiff's new address but have not yet completed this process. (Mahoney Decl., ¶ 5.) Defendants anticipate that finding Plaintiff will take some time – after which Defendants intend to depose Plaintiff. Defendants respectfully submit that their requested modifications are necessary to complete discovery and permit an adjudication of this case on the merits. For these reasons, good cause exists to modify the fact discovery cut off and related court deadlines.

Dated: February 11, 2026                LONGYEAR, LAVRA & CAHILL, LLP

By:_____
NICOLE M. CAHILL
ALEXANDER MAHONEY
Attorneys for Defendants,
Deputy Her, Deputy Foster, Sgt. Albee, Lt.
Hidalgo, Deputy Bellamy, Deputy Huffman

---

[2] As mentioned above, Plaintiff has not provided Defendants with his new address or phone number. Nor have Defendants seen any indication that Plaintiff has notified the Court of his change of address. Plaintiff's lack of notice violates Local Rule 182(d).

**ORDER**

Good cause appearing, the parties' stipulated request to modify the Court's Scheduling Order (ECF No. 35) is GRANTED.

The relevant deadlines are ordered as follows:

- o  Non-Expert Discovery Cut-Off: April 3, 2026
- o  Motion to Compel Non-Expert Discovery: Filed by April 3, 2026
- o  Dispositive Motion Deadline: June 25, 2026

Dated:  February 13, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

PROOF OF SERVICE